IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| FRANK KING, JR., | |
| Plaintiff, | CASE NO. _____ |
| v. | JURY TRIAL DEMANDED |
| GEORGIA PORTS AUTHORITY, BRIAN QUINNEY, individually and in his official capacity, GREG WELSH, individually and in his official capacity, VINCE HAMILTON, individually and in his official capacity, TIPHANI LEE, individually and in her official capacity, GREG WELCH, individually and in his official capacity, CHARLES PENNINGTON, individually and in his official capacity, LISE ALTMAN, individually and in her official capacity, GRIFFITH LYNCH, individually and in his official capacity, EDWARD MCCARTHY, individually and in his official capacity, JAMES C. MCCURRY, JR, individually and in his official capacity, and SUSAN E. GARDNER, individually and in her official capacity. , | |
| Defendants. | |

# COMPLAINT

Plaintiff FRANK KING, JR. ("Plaintiff" or "Mr. King") hereby files this Complaint against the above-named Defendants, alleging as follows:

## INTRODUCTION

1. Mr. King is a former employee of Defendant Georgia Ports Authority ("GPA").

2. Mr. King asserts claims against GPA for race discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") and under 42 U.S.C. §§ 1981 and 1983 ("§ 1981 and 1983").

## JURISDICTION AND VENUE

3. Mr. King's claims under Title VII and 42 U.S.C. § 1981 present federal questions over which this Court has subject matter jurisdiction under 28 U.S.C. § 1331.

4. This Court is a proper venue for Mr. King's claims under 28 U.S.C. § 1391(b), because GPA conducts business within the Southern District of Georgia and because the unlawful conduct giving rise to the claims occurred in this District.

## THE PARTIES

5. Mr. King is a resident of Texas and submits to the jurisdiction of this Court.

6. GPA was created by the Georgia General Assembly of the State of Georgia, conducts business in Georgia, and is, therefore, subject to personal

jurisdiction in Georgia. GPA may be served with process by serving the chief executive of the State of Georgia.

7. Brian Quinney, was Mr. Kings supervisor with GPA, resides in Georgia, is subject to this Court's jurisdiction, and may be served with process by serving him wherever he may be found.

8. Vince Hamilton, is a General Manager with GPA, resides in Georgia, is subject to this Court's jurisdiction, and may be served with process by serving him wherever he may be found.

9. Tiphani Lee, is a Human Resources Assistant Manager with GPA, resides in Georgia, is subject to this Court's jurisdiction, and may be served with process by serving her wherever she may be found.

10. Greg Welch, was a supervisor of Mr. King, resides in Georgia, is subject to this Court's jurisdiction, and may be served with process by serving him wherever he may be found.

11. Charles Pennington was GPA's Human Resources Operations Manager, resides in Georgia, is subject to this Court's jurisdiction, and may be served with process by serving him wherever he may be found.

12. Lise Altman, GPA's Chief Human Resources Officer, resides in Georgia, is subject to this Court's jurisdiction, and may be served with process by serving her wherever she may be found.

13. Griffith Lynch, GPA's President and CEO, resides in Georgia, is subject to this Court's jurisdiction, and may be served with process by serving him wherever he may be found.

14. Edward McCarthy, is GPA's Chief Operating Officer, resides in Georgia, is subject to this Court's jurisdiction, and may be served with process by serving him wherever he may be found.

15. James C. McCurry, Jr, is GPA's Chief Administrative Offices, resides in Georgia, is subject to this Court's jurisdiction, and may be served with process by serving him wherever he may be found.

16. Susan E. Gardner, is GPA's Vice President of Operations, resides in Georgia, is subject to this Court's jurisdiction, and may be served with process by serving her wherever she may be found.

## ADMINISTRATIVE PROCEEDINGS

17. Mr. King filed a Charge of Discrimination with the Equal Employment Opportunity Commission within 180 days of the occurrence of the acts of which he complains.

18. Mr. King has received his Notice of Right to Sue.

19. The Right to Sue was dated August 10, 2023.

20. Mr. King has initiated this Action within 90 days of receiving his Notice of Right to Sue.

21. All administrative prerequisites for filing suit on Plaintiff's Title VII claims have been satisfied.

## FACTUAL ALLEGATIONS

22. GPA qualifies as an "employer" within the meaning of Title VII.

23. GPA has 15 or more employees in at least twenty calendar weeks in the last three years.

24. GPA controls the deepwater port in both Savannah and Brunswick for the State of Georgia.

25. GPA operates state-owned facilities.

26. Mr. King is Black.

27. Mr. King was employed by GPA on August 23, 2010, at the Savannah Port.

28. GPA employed Mr. King within the meaning of Title VII.

29. Mr. King worked as a foreman at the Port.

30. Mr. King worked for GPA for nearly eleven years.

31. Mr. King is the owner of a pressure washing company.

32. On April 7, 2021, GPA terminated Mr. King.

33. Specifically, Defendants Quinney, Hamilton, Lee, Welch, Pennington, Altman, Lynch, McCurry, McCarthy, and Garnder (the "Individual Defendants") individually made and implemented the decision to terminate Mr. King's

employment.

34. GPA's and the Individual Defendants' stated reason for terminating Mr. King is that he held employment outside of GPA.

35. The Separation Notice notes "[u]ndertaking or continuing employment with another employer while also employed by GPA" as the sole reason for Mr. King's termination.

36. However, the Defendants never ascertained whether Mr. King was employed by the pressure washing company or only operated as its owner.

37. In and around April 2021, several White employees held outside employment.

38. The White employees who also held outside employment were not terminated.

39. The Defendants knew of the White employees who held outside employment when choosing not to terminate their employment.

40. By way of example, David Manross was employed by A&A Logistics while also being employed by GPA.

41. Mr. Manross is White.

42. Mr. Manross was not terminated despite having continued employment outside GPA.

43. On information and belief, Mr. Manross is still employed with both

GPA and A&A Logistics.

44. GPA and the Individual Defendants terminated Mr. King because of his race.

45. As a result of the Defendants' above-stated actions, Mr. King has been deprived of employment opportunities, income in the form of wages, prospective employment benefits, including social security, retirement, and other benefits to which he would have been entitled but for GPA's illegal actions.

## **COUNT 1 – Title VII**

46. Defendant GPA terminated Plaintiff because of his race.

47. At a minimum, race provided a mixed motive for Plaintiff's termination.

48. Defendant GPA's discriminatory treatment of Plaintiff was in violation of Title VII.

49. Defendant GPA willfully and wantonly disregarded Plaintiff's rights under Title VII and acted in reckless disregard for Plaintiff's rights under Title VII.

50. Defendant GPA discriminatory actions against Plaintiff were taken in bad faith.

51. As a result of Defendant GPA's discriminatory termination of Plaintiff, Plaintiff has suffered lost compensation and other benefits of employment, garden variety emotional distress, inconvenience, loss of income, humiliation, and other

indignities.

52. Pursuant to Title VII, Plaintiff is entitled to damages including back pay and lost benefits, front pay and/or reinstatement, compensatory damages, punitive damages, attorneys' fees and costs of litigation, and all other relief recoverable under Title VII.

## COUNT 2 – 42 U.S.C. § 1981 and § 1983

53. Defendants Quinney, Hamilton, Lee, Welch, Pennington, Altman, Lynch, McCurry, McCarthy, and Garnder (the "Individual Defendants") terminated Plaintiff because of his race.

54. The Individual Defendants' discriminatory termination of Plaintiff was in violation of § 1981 and § 1983.

55. The Individual Defendants willfully and wantonly disregarded Plaintiff's rights under §§ 1981 and 1983 and acted in reckless disregard for Plaintiff's rights under § 1981.

56. The Individual Defendants' discriminatory actions against Plaintiff were taken in bad faith.

57. As a result of The Individual Defendants' discriminatory termination of Plaintiff, Plaintiff has suffered lost compensation and other benefits of employment, garden variety emotional distress, inconvenience, loss of income, humiliation, and other indignities.

58. Pursuant to §§ 1981 and 1983, Plaintiff is entitled to damages including back pay and lost benefits, front pay and/or reinstatement, compensatory damages, punitive damages, attorneys' fees and costs of litigation pursuant to 42 U.S.C. §§ 1981, 1983, and 1988 and all other relief recoverable under any of those sections §1981.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the following relief:

a. Declaratory judgment that Defendants violated Plaintiff's rights under Title VII and 42 U.S.C. §§ 1981 and 1983;

b. an injunction prohibiting the Defendants from engaging in such unlawful conduct in the future;

c. full back pay from the date of Plaintiff's termination, taking into account all raises to which Plaintiff would have been entitled but for his termination, and all fringe and pension benefits of employment, with prejudgment interest thereon;

d. reinstatement of Plaintiff to his former position or, in the alternative, front pay to compensate Plaintiff for his lost future wages, benefits, and pension;

e. compensatory damages, in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's emotional distress,

   suffering, inconvenience, mental anguish, loss of enjoyment of life, and special damages;

f. reasonable attorneys' fees and costs; and

g. other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

  Respectfully submitted, this 8th day of November 2023.

            <u>/s/ Zachary R. Sprouse</u>
            Brent J. Savage
            Georgia Bar No. 627450
            Zachary R. Sprouse
            Georgia Bar No. 276708
            *Attorneys for Plaintiff*

SAVAGE, TURNER, PINCKNEY
SAVAGE & SPROUSE
Post Office Box 10600
Savannah, GA 31412
(912) 231-1140
zsprouse@savagelawfirm.net
clugar@savagelawfirm.net

            *and*

            <u>*/s/ Lucas W. Andrews*</u>
            Lucas W. Andrews
            Ga Bar No. 019533
            luke@poolehuffman.com
            **POOLE HUFFMAN, LLC**
            3562 Habersham at Northlake
            Building J, Suite 200
            Tucker, GA 30084
            Tel.  (770) 988-6574
            Fax.  (888) 709-5723
            *Counsel for Plaintiff*